James ELIAS, Plaintiff-in-Error,

v.

CITY OF TULSA, Defendant-in-Error.

No. A–12959.

Court of Criminal Appeals of Oklahoma.

June 7, 1961.

Rehearing Denied Sept. 13, 1961.

See also 342 P.2d 573.

Pat Malloy, Tulsa, for plaintiff in error.

Charles E. Norman, City. Atty., Louis Levy, Asst. City Atty., Tulsa, for defendant in error.

BUSSEY, Judge.

In 1959 the regular session of the Twenty-Seventh Legislature of the State of Oklahoma enacted certain provisions relating to regional planning commissions for cities within the State. The specific enactment involved in this case is Chapter 19A entitled, "County Planning and Zoning." This particular chapter applies to counties containing a city of 180,000 to 240,000 population. According to the last Federal Decennial Census, the City of Tulsa falls within the purview of this Act and accordingly the city established a City-County Planning Commission and enacted zoning ordinances in accordance with the Act. The effect of the Act was to grant to any city coming within its purview extra-territorial jurisdiction to regulate property uses within five miles of its corporate limits, with certain property being excepted.

The defendant, James Elias, owns property outside the corporate limits of the City of Tulsa but his property is located within five miles of said corporate limits and in Tulsa County. He was prosecuted in the Municipal Criminal Court of the City of Tulsa after being charged by information with unlawfully using his property for commercial purposes. The charge was based on Tulsa Revised Ordinances, (1945), Title 32, Section 42 which prescribed the punishment for the violation of any provision of Tulsa Ordinances. The information alleged that the defendant operated a public restaurant where food and drink were prepared and served to large numbers of the public, while said property was zoned for restricted residential purposes. A jury trial was waived, evidence was introduced and the court found the defendant guilty and sentenced him to pay a fine of $50 and costs.

It is an undisputed fact that the defendant's property upon which the non-conforming use is alleged to have occurred is not within the corporate limits of the City of Tulsa but is within five miles of said corporate limits and in Tulsa County. The ultimate and decisive question for this

Court to determine is whether the ordinance under which this prosecution arose can be enforced criminally against any property owner outside the corporate city limits, in absence of express authority being granted by the Legislature.

Unquestionably a municipality in Oklahoma can exercise only such authority as might be vested in it under our Federal and State Constitutions and the Laws enacted by our Legislature. In enacting the County Planning and Zoning Act the legislature saw fit to include a section relating to criminal prosecutions stating that "a violation of this Act or of any order or regulation adopted under authority of this Act shall be deemed a misdemeanor and shall be punishable by fine or by imprisonment or both, as now provided by law for misdemeanors." 19 O.S.(1959) § 863.28. The City of Tulsa maintains that this section carries with it by necessary implication the authority to enforce the zoning regulations enacted by it by criminal process.

With this argument we cannot agree. As a general rule when it is necessary to carry into effect the delegated authority of the Legislature this Court will carefully examine the legislative enactment and will liberally construe it in order to give force and effect to the obvious legislative intent. When, however, it clearly appears that the legislature has adequately created both civil and criminal remedies to enforce the planning rules, regulations and orders, this Court will carefully examine the legislative enactment and if there is no express delegation of authority to enact remedial ordinances we will not infer such authority. Every citizen's liberty is expressly guarded by our Constitution and we will not permit that right to be swept away by implication.

This is not to say that the Statutes of the State cannot be enforced by the City Attorney of Tulsa. He may institute criminal proceedings for the violation of them and secure the compliance with the zoning regulations passed under the authority of the Act or seek whatever civil relief may be available.

For the reasons stated herein, this cause is reversed and remanded with instructions to dismiss.

NIX, P. J., and BRETT, J., concur.