Water Pollution Control Act — Non-Profit Corporation A public body, as referred to in Section 13(f) of the Federal Water Pollution Control Act, as amended under present law cannot be created under the provisions of 18 O.S. 851 [18-851] — 18 O.S. 862 [18-862] (1968). A non-profit corporation cannot be created pursuant to the provisions of 18 O.S. 851 [18-851] — 18 O.S. 862 [18-862] (1968), by a city, town, county, district or other public body. Such corporations created pursuant to the provisions of 18 O.S.Supp. 1968, Sections 851-862[18-851-862] are not prohibited from accepting federal grants, when and if they are made available. Under the present provisions of the Act, federal grants for waste treatment works cannot be made to non-profit corporations created pursuant to the provisions of 18 O.S. 851 [18-851] — 18 O.S. 862 [18-862] (1968). The Attorney General has had under consideration your letter of May 17, 1968, requesting an opinion. You ask: "1. Can a public body, as referred to in Section 13(f) of the Federal Water Pollution Control Act, as amended, be created under the provisions of Senate Bill 505? "2. Can a non-profit corporation, created pursuant to the provisions of Senate Bill 505, be created by a city, town, county, district or other public body? "3. Are non-profit corporations, created pursuant to the provisions of Senate Bill 505 authorized to accept grants for the construction of waste treatment works as provided in Section 8 of the Federal Water Pollution Control Act (Public Law 89-753). "4. Under the provisions of the Federal Water Pollution Control Act, as amended (Public Law 89-753), can federal grants for waste treatment works be made to non-profit corporations created pursuant to the provisions of Senate Bill 505?" In answer to Question No. 1 above, you are advised that Section 13(f) of the Federal Water Pollution Control Act, as amended, (Public Law89-753) provides as follows: "The term `municipality' means a city, town, borough, county, parish, district, or other public body created by or pursuant to State law and having jurisdiction over disposal of sewage, industrial wastes, or other wastes, and 1 Indian tribe or an authorized Indian tribal organization." The term "Public Body" is not otherwise defined in the Federal Water Pollution Control Act, however, it is apparent that the term refers to a public body similar to a city, town, borough, county, parish or district. Senate Bill 505, 31st Legislature, 2nd Session, is an Act relating to nonprofit corporations. It defines a "nonprofit corporation" as a corporation formed for a purpose not involving pecuniary gains to its shareholders and members, paying no dividends or other pecuniary remunerations directly or indirectly to its shareholders or members as such, and having no capital stock. Section 2 thereof provides that the same may be formed for any lawful purpose or purposes, and Section 3 provides that three or more natural persons legally competent to enter into contracts may form a nonprofit corporation under said Act. It is also noted that under Section 6 of the Act, a nonprofit corporation incorporated thereunder has general corporate capacity and possesses all of the general powers, as enumerated in 18 O.S. 1.19 [18-1.19] (1961), of a domestic corporation incorporated under Business Corporation Act. 19 Am.Jur.2d, Corporations Section 8, provides in part: "Corporations may be classified generally as public or private, the distinction having reference to the powers of a particular corporation and to the purpose of its creation. Those corporations are public which are created for public purposes only, connected with the administration of the government, and the interests and franchises of which are the exclusive property and domain of the government itself. Thus, an incorporated school district, as well as a municipality, is a public corporation, and so is a corporation supported by the state and under its exclusive ownership and control, the object of which is the care of the sick or insane; and the same may be true as to a corporation organized for the purpose of draining a large tract of land. . . ." Senate Bill 505 does not designate whether a corporation formed thereunder shall be public or private. We also note that Senate Bill 505 does not authorize by its terms the creation of a public body, and if such authority exists, it must be found in other law. We do not find where the term public body has been defined, however, we consider the term to mean a creature of the Legislature, deriving its powers and functions therefrom. The Supreme Court of the State of Oklahoma in Town of Maysville, Oklahoma, v. Magnolia Petroleum Company, 272 F.2d 806, defines municipalities as follows: "Municipalities are creatures of the Legislature, deriving their powers and functions therefrom." A municipality can exercise only such authority as might be vested in it under Federal and State Constitutions and laws enacted by the Legislature. Elias v. City of Tulsa, 364 P.2d 678. We find no authority authorizing the creation of a nonprofit corporation as a "public body". It is, therefore, the opinion of the Attorney General in answer to your first question that a public body, as referred to in Section 13(f) of the Federal Water Pollution Control Act, as amended, under present law, cannot be created under the provisions of Senate Bill 505. In answer to your second question, we find no authority for the creation of a nonprofit corporation, pursuant to the provisions of Senate Bill 505, by a city, town, county, district or other public body. It is, therefore, the opinion of the Attorney General in answer to question 2 above, that a nonprofit corporation cannot be created pursuant to the provisions of Senate Bill 505 by a city, town, county, district or other public body. We find no provision in state law which prevents a nonprofit corporation from accepting grants from the Federal Government. It is therefore, the opinion of the Attorney General, in answer to question 3 above, that nonprofit corporations created pursuant to the provisions of Senate Bill 505 are not prohibited from accepting Federal Grants, when and if the same are made available by Federal Law. It is further the opinion of the Attorney General in answer to question No. 4 above, that under the present provisions of the Federal Water Pollution Control Act, as amended, (Public Law 89-753) Federal grants for waste treatment works cannot be made to nonprofit corporations created pursuant to the provisions of Senate Bill 505. Trusts for the furtherance of public functions may be created under 60 O.S. 176 [60-176] (1961), et seq. by the state, county, municipality, political or governmental subdivision or governmental agency of the state as beneficiary thereof. This type of public trust has been upheld by the State Supreme Court in Harnson v. Barton, et rel., Okl. 358 P.2d 211. (W. Howard O'Bryan Jr.)