2009 OK CR 28

**JonJon Scott HALL, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2008–925.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 2009.

Francois R. Courbois, Oklahoma City, OK, for Appellant.

Graham Guhl, Assistant District Attorney, W.A. Drew Edmondson, Attorney General of Oklahoma, Donald D. Self, Assistant Attorney General, Oklahoma City, OK, for The State.

## SUMMARY OPINION

LUMPKIN, JUDGE.

¶ 1 Appellant, JonJon Scott Hall, was tried in a nonjury trial in the District Court of Oklahoma County, Case Number CF–2005–113, and convicted of one count of possession of a controlled dangerous drug (cocaine base), and a second count of possession of a controlled dangerous drug (marijuana), both in violation of 63 O.S.Supp.2004, § 2–402. He was sentenced to ten (10) years imprisonment on Count I and one (1) year on Count II. The sentences were ordered to run concurrently. He now appeals his convictions and sentences.

¶ 2 Appellant raises one proposition of error in this appeal. He claims the initial traffic stop that led to his arrest was invalid and this, therefore, invalidated the subsequent consent to search and fruits of that search. He specifically claims Oklahoma City's municipal ordinance for failure to signal when turning is in conflict with the state law on this same issue. However, after thoroughly considering this proposition and the entire record before us, we find reversal or modification is not required.

¶ 3 *Oklahoma City Municipal Code, Article VII,* § 32–240,[1] is more restrictive

1. (a) No person shall turn a vehicle at an inter-  section unless the vehicle is in proper position

than the state statute, 47 O.S.2001, § 11–604(A),[2] on this issue. In Oklahoma City a person must continuously signal an intention to turn for the last one hundred feet traveled before turning, regardless of traffic, whereas Oklahoma state law provides that a person must signal only when other traffic may be affected. However, this does not mean that the two laws are inconsistent or that the city ordinance somehow contradicts the state statute.

¶ 4 Both laws were enacted to enhance public safety. Oklahoma's policy of requiring a signal whenever other traffic may be affected is actually fulfilled and in no way compromised by Oklahoma City's more restrictive ordinance. Oklahoma City has simply decided that in its jurisdiction public safety will be even better served by requiring a signal during the last one hundred feet regardless of the presence of traffic. The ordinance encourages signaling as a matter of course.

■■■ ¶ 5 A city has the power to enact ordinances governing issues of traffic in its particular jurisdiction. Indeed, according to 11 O.S.2001, § 22–117(A), "The municipal governing body may establish ordinances and regulations governing the operation of motor vehicles and traffic upon the roads and streets within the municipality in the manner provided by, and not inconsistent with, state law."[3] Oklahoma City's ordinance would be inconsistent with or contradict Oklahoma state law if it permitted drivers to never signal. That would defeat a minimum level of public safety the state had set. Here

however, the ordinance enhances public safety, while still satisfying the state mandate. Because cities have been delegated part of the State's police power in regard to traffic laws, it cannot be said that any time a city enacts a law that requires more than what state law requires that it has contradicted or acted inconsistently with the state law. If that were true, then a city's power over traffic in its jurisdiction would be a farce, a delegation without any real authority.

■■ ¶ 6 Moreover, even if the city ordinance is viewed as "contradicting" the state statute on the issue of signaling for argument's sake, the ordinance is presumptively valid until declared otherwise. Both parties recognize this principle by their cites to *Smith v. State*, 2005 OK CIV APP 69, ¶ 11, 120 P.3d 897, 900 (holding that "because there was no controlling precedent that the City's ordinance was preempted, then it was presumptively valid at the time of the stop.")[4] As such, the stop in this case was justified. *See also United States v. Burkley*, 513 F.3d 1183, 1183 (10th Cir.2008), where the Tenth Circuit upheld a conviction after a defendant was stopped for failing to signal his intention to turn under 47 O.S.2001, ¶ 11–604.

### DECISION

¶ 7 The judgment and sentence are hereby **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2008), the **MANDATE**

---

upon the roadway ... or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner herein provided. (b) A signal of intention to turn right or left, slow or stop when required, shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning or stopping.

2. No person shall so turn any vehicle without giving an appropriate signal as provided in subsection B of the section, in the event any other traffic may be affected by such movement.

3. A recent amendment to this statute, which came into effect after this case occurred, states: "An ordinance or regulation shall be consistent with state law if it is reasonably related to traffic safety or control or flow of traffic and does not contradict a specific provision of state law." This amendment does not appear to be a change of the law, but simply an explanation of it. Here, it seems clear that the city ordinance is "reasonably related to traffic safety or control or flow of traffic."

4. While we disagree with *Smith's* reasoning on the issue of whether or not the Edmond municipal ordinance contradicted the state statute, we find its bottom-line holding is correct.

is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J., A. JOHNSON, V.P.J., CHAPEL and LEWIS, JJ.: concur.