OSCN Found Document:LEWIS v. CITY OF OKLAHOMA CITY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 LEWIS v. CITY OF OKLAHOMA CITY
2016 OK CR 12
Case Number: C-2015-1117
Decided: 05/31/2016
MARVEL EDWARD LEWIS, Petitioner, v. THE CITY OF OKLAHOMA CITY, Respondent.
Cite as: 2016 OK CR 12, __ __

 

 



OPINION DENYING CERTIORARI




SMITH, PRESIDING JUDGE:


¶1 On October 21, 2015, Petitioner entered a plea of nolo contendere in Oklahoma City Municipal Court, Case No. 14-354729X, to Speeding (1-10 m.p.h. over posted limit), in violation of Oklahoma City Ordinances §§ 1-6, 32-169, and 32-175. Before entering his plea, Petitioner made it clear to the municipal court and to Respondent ("the City") that he did not contest his guilt, but that he wished to challenge the City's authority to prescribe any penalty for speeding in excess of the penalty prescribed by state law (which, in this case, would be $10.00), and the municipal court's authority to impose same. The parties briefed the issue for the municipal court. On December 2, 2015, the Honorable Donald Kiffin, Municipal Judge, rejected Petitioner's argument and fined him $84.00. Petitioner timely filed a motion to withdraw his plea, reiterating his sole claim that the sentence imposed was not authorized by law. The motion was denied on December 15, 2015, and Petitioner timely gave notice of intent to appeal. Because Petitioner timely raised his claim below, before and after entry of his plea, and because the claim involves the municipal court's legal authority to impose the sentence it did, the claim is cognizable in this certiorari appeal. Maxwell v. State, 2006 OK CR 33, ¶¶ 6-7, 141 P.3d 564, 567; Allen v. City of Oklahoma City, 1998 OK CR 42, ¶ 4, 965 P.2d 387, 388; Gonseth v. State, 1994 OK CR 9, ¶ 14, 871 P.2d 51, 55.

¶2 After thorough consideration of the arguments made by both parties in their briefs, we reject Petitioner's claim and affirm the Municipal Court's order denying the motion to withdraw plea. Resolution of this case requires interpretation of several different statutes. The goal of statutory construction is to ascertain, as closely as possible, the intention of the Legislature. State v. Haworth, 2012 OK CR 12, ¶ 12, 283 P.3d 311, 315. We look to each part of the statute, to other laws on the same or related subjects, to the statute's apparent purpose, and to the natural or absurd consequences of any particular interpretation. Lozoya v. State, 1996 OK CR 55, ¶ 20, 932 P.2d 22, 29. We may also consider the evolution of the statutory language over time. "[I]t is well to consider the previous law and the changes wrought therein by the existing law as indicative of the legislative intent expressed in the present law." In re Blain, 1946 OK 238, ¶ 15, 172 P.2d 795, 799. We presume the Legislature "has not created an absurdity or done a vain or useless act." State v. District Court of Okla. County, 2007 OK CR 3, ¶ 11, 154 P.3d 84, 86.

¶3 A municipality can exercise only such authority as might be conferred upon it by constitutional mandate or legislative grant. Elias v. City of Tulsa, 1961 OK CR 59, ¶ 4, 364 P.2d 678, 680; Okl.Const. art. VII, § 1.[1] Petitioner's sole claim is that the City's penalty scheme for Speeding conflicts with State law, because it permits fines in excess of those specified in Oklahoma's Vehicle Code. See 47 O.S.Supp.2015, § 11-801(G). Petitioner points to language found in both the Vehicle Code and the Municipal Code barring cities from enacting ordinances that conflict with State law. 47 O.S.Supp.2015, § 15-101; 11 O.S.2011, § 22-117(A).[2]

¶4 We addressed a similar argument in Hall v. State, 2009 OK CR 28, 221 P.3d 130. In Hall, the defendant claimed that an Oklahoma City traffic ordinance regarding vehicle turns impermissibly conflicted with a state law covering the same subject. State law only required a motorist to signal a vehicle turn if other traffic might be affected by the action. The city ordinance went further, requiring motorists in all circumstances to signal continuously for at least 100 feet before turning. We rejected the defendant's argument that the ordinance violated 11 O.S. § 22-117's admonition that city ordinances not be "inconsistent with" state law. We held that the provisions were consistent with each other because both promoted public safety, and safety was "even better served" by the more stringent requirements of the ordinance:

 



Oklahoma City's ordinance would be inconsistent with or contradict Oklahoma state law if it permitted drivers to never signal. That would defeat a minimum level of public safety the state had set. Here however, the ordinance enhances public safety, while still satisfying the state mandate. Because cities have been delegated part of the State's police power in regard to traffic laws, it cannot be said that any time a city enacts a law that requires more than what state law requires that it has contradicted or acted inconsistently with the state law. If that were true, then a city's power over traffic in its jurisdiction would be a farce, a delegation without any real authority.



Hall, 2009 OK CR 28, ¶ 5, 221 P.3d at 131. Our reasoning in Hall echoed our holding, almost a century ago, in Ex parte Johnson, 20 Okl.Cr. 66, 201 P. 533 (1921), where we stated in Syllabus 4 of the opinion (with emphasis added):



Where the Legislature has made or may by general law make a specific police regulation, that fact of itself will not prevent the lawmaking power of a city from making further regulations on the same subject, not inconsistent with general laws. A municipality may move in the same direction as the Legislature, but not contrary to nor in an opposite direction.



¶5 Following Johnson and Hall, we might conclude that if the City imposes stricter penalties for traffic violations than state law prescribes, it is moving "in the same direction" with regard to public safety, and that the public is even better served by the change. However, in this case, the relevant statutes themselves offer compelling textual support for the City's action. Any perceived "conflict" with state law has been expressly permitted by the Legislature for cities that have a municipal criminal court of record in place.

¶6 Our Legislature has provided comprehensive rules on the formation and operation of cities though the Municipal Code. 11 O.S. § 1-101 et seq. Under this Code, cities of a certain population can establish "criminal courts of record," and the distinction between cities with criminal courts of record, and those without, affects the powers of each.[3] Generally speaking, cities with criminal courts of record have greater power to punish infractions. Compare 11 O.S.2011, § 14-111 (placing limits on municipal ordinances in general) with 11 O.S.2011, § 28-102 (relating to penalties that may be imposed by a municipal criminal court of record). Cities without a criminal court of record "may not impose a penalty, including fine or deferral fee in lieu of a fine and costs, which is greater than that established by statute for the same offense." 11 O.S.2011, § 14-111(C). No such limitation is imposed upon cities that have established criminal courts of record. In fact, as the City points out in its brief, § 28-102(C) of the Municipal Code, specifically applicable to municipal courts of record, once contained limiting language similar to that found in § 14-111(C) - but that language was removed by the Legislature in 1998.[4] Laws 1998, Ch. 234, § 2 (eff. Nov. 1, 1998).

¶7 When construing a statute that has been amended, we may reasonably infer that the alteration was intended either to effect a change in the existing law, or to clarify an interpretation that may have been in question. American Airlines v. Hickman, 2007 OK 59, ¶ 11, 164 P.3d 146, 149. When the Legislature removed limiting language affecting cities with criminal courts of record, but left the same limitation in effect for other cities, we presume it did so for a reason.[5]

¶8 Section 28-102(C) of the Municipal Code now provides, in relevant part:

 



[T]he maximum punishment that may be levied in any municipal criminal court of record for violations of municipal traffic ordinances not including ordinances relating to driving a motor vehicle under the influence of alcohol or drugs is a fine not exceeding One Thousand Two Hundred Fifty Dollars ($1,250.00) and costs, an imprisonment not to exceed ninety (90) days, or both such fine and imprisonment.



For Petitioner's offense, the maximum punishment allowed by the City's ordinances is $500.00 - substantially lower than the penalty allowed by state law. And the $84.00 fine actually imposed by the Municipal Court is, obviously, substantially lower than that.

¶9 Petitioner makes only passing reference to the textual differences between laws affecting cities with criminal courts of record, and those without. In fact, he goes so far as to claim the distinction is not relevant to whether a city's ordinances conflict with state law.[6] That claim is simply at odds with the structure and substance of the Municipal Code in general, and with the textual differences between § 14-111 and § 28-102 in particular. The existing text of these provisions, coupled with the changes to § 28-102 over time, convince this Court that the Legislature has intentionally authorized cities with municipal criminal courts of record to impose penalties for traffic offenses within the limits specified in the Municipal Code, regardless of whether they may exceed the penalties established in 47 O.S. § 11-801. Hickman, 2007 OK 59, ¶ 11, 164 P.3d at 149; Blain, 1946 OK 238, ¶ 15, 172 P.2d at 799. See also Vantine v. City of Tulsa, 1973 OK CR 442, ¶¶ 6, 13, 518 P.2d 316, 318, 319.[7]

 

DECISION

 

¶10 The City of Oklahoma City Municipal Court's decision to deny Petitioner's Motion to Withdraw Plea of Nolo Contendere is AFFIRMED, and certiorari is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016), the MANDATE is ORDERED issued upon the delivery and filing of this decision.


AN APPEAL FROM THE CITY OF OKLAHOMA CITY MUNICIPAL COURT
THE HONORABLE DONALD O. KIFFIN, MUNICIPAL JUDGE



 
 
 
 ATTORNEYS AT TRIAL

 JEFFREY J. BOX
 JEFFREY J. BOX, P.C.
 2621 SOUTH WESTERN AVENUE
 OKLAHOMA CITY, OK 73109
 COUNSEL FOR DEFENDANT

 STEVEN R. HUDDLESTON
 ASSISTANT MUNICIPAL COUNSELOR
 700 COUCH DRIVE
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR CITY OF OKLA. CITY
 
 
 

 ATTORNEYS ON APPEAL

 JEFFREY J. BOX
 JEFFREY J. BOX, P.C.
 2621 SOUTH WESTERN AVENUE
 OKLAHOMA CITY, OK 73109
 COUNSEL FOR PETITIONER

 KENNETH D. JORDAN
 MUNICIPAL COUNSELOR
 CINDY L. RICHARD
 DEPUTY MUNICIPAL COUNSELOR
 STEVEN R. HUDDLESTON
 ASSISTANT MUNICIPAL COUNSELOR
 700 COUCH DRIVE
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR RESPONDENT
 
 
 



OPINION BY: Smith, P.J.

LUMPKIN, V.P.J.: CONCUR

JOHNSON, J.: CONCUR

LEWIS, J.: CONCUR

HUDSON, J.: RECUSE



FOOTNOTES


[1] "Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances."



[2] Section 15-101 of the Vehicle Code provides:

The provisions of Chapters 10, 11, 12, 13 and 14 of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule or regulation in conflict with the provisions of such chapters unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of such chapters.

Section 22-117(A) of the Municipal Code provides:

The municipal governing body may establish ordinances and regulations governing the operation of motor vehicles and traffic upon the roads and streets within the municipality in the manner provided by, and not inconsistent with, state law. An ordinance or regulation shall be consistent with state law if it is reasonably related to traffic safety or control or flow of traffic and does not contradict a specific provision of state law. The governing body may also regulate and prevent racing and fast driving, and all games, practices or amusements likely to result in damage to any person or property, in the streets, highways, alleys, bridges, sidewalks or other places in the municipality, and riding or driving over or upon the sidewalks of the municipality.

See also § 14-101 of the Municipal Code, which provides:

The municipal governing body may enact ordinances, rules and regulations not inconsistent with the Constitution and laws of Oklahoma for any purpose mentioned in Title 11 of the Oklahoma Statutes or for carrying out their municipal functions. Municipal ordinances, rules or regulations may be repealed, altered or amended as the governing body ordains.



[3] See generally 11 O.S. §§ 27-101 to 27-132 (relating to all municipal courts generally) and 11 O.S. §§ 28-101 to 28-128 (relating to municipal criminal courts of record only).



[4] Before deletion, the last sentence of § 28-102(C) read: "A municipal ordinance may not impose a penalty greater than that established by state statute for the same offense." 11 O.S.Supp.1997, § 28-102(C).



[5] Petitioner's reliance on Conchito v. City of Tulsa, 1974 OK CR 82, ¶ 15, 521 P.2d 1384, 1389 (citing Johnson v. City of Tulsa, 1953 OK CR 84, 97 Okl.Cr. 85, 258 P.2d 695), for the proposition that "[a] city may not impose a greater penalty for the same offense than imposed by the state statute" is misplaced. That proposition is merely a presumption, not a limit on legislative power, and it vanishes if the Legislature expressly grants cities such authority. Petitioner fails to acknowledge that at the time Conchito was decided, Oklahoma law barred even cities with criminal courts of record from imposing penalties "greater than established by statute for the same offense." 11 O.S.1971, § 782(c). That provision ultimately evolved into 11 O.S. § 28-102, and as shown, the limiting language has since been removed.



[6] Petitioner generally acknowledges the penalty limits in 11 O.S. §§ 14-111 and 28-102, but claims they only apply when the State has not "pre-empted the field," as it were, as to the particular type of offense in question. That is, he claims such penalties are only valid if they are tied to an offense created by the city which has no counterpart in state law. And yet, when we consider the particular types of offenses mentioned in these provisions, we find that state law already addresses each one. See 47 O.S. § 11-902 (driving under the influence of alcohol or drugs); 21 O.S. §§ 1025-1031 (crimes related to prostitution); 27A O.S. §§ 1-2-102, 2-6-206, 2-6-901 (offenses related to storm water and wastewater management).

Moreover, Petitioner's theory leads to absurd results. For example, he uses it to explain why our decision in Hall v. State does not weaken his position. In his view, the ordinance at issue in Hall was never really in conflict with state law to begin with. In essence, he appears to claim that "failing to signal a turn when other traffic may be affected" is an offense substantively different from "failing to signal a turn under any circumstance." We find this argument untenable and reject it.

We find Petitioner's other arguments unavailing as well. He claims that with enactment of 47 O.S. § 11-801, the Legislature intended "uniform application and enforcement of the motor vehicle rules and regulations throughout the State." Yet this claim is belied by the Vehicle Code itself, which (as Petitioner himself concedes) permits cities to alter speed limits as they deem necessary for the safety of their own streets. 47 O.S. §§ 11-801(B)(8), 11-803. We also observe that the penalties in § 11-801(G) increase not based on absolute speed, but on a motorist's speed relative to the posted limit. Thus, lowering the speed limit (which cities are allowed to do) has the same practical effect that Petitioner complains of here: it increases the potential fine for any particular motorist driving a particular speed.



[7] In Vantine, the defendant complained that a city anti-discrimination ordinance was in conflict with state law because "State Statute provides [only] for issuance of a restraining order, whereas, the municipal ordinance provides for the imposition of a fine." Vantine, 1973 OK CR 442, ¶ 6, 518 P.2d at 318. We disagreed, because the Legislature had expressly given cities with criminal courts of record (including the City of Tulsa) the authority to impose fines consistent with the one imposed on the defendant. 1973 OK CR 442, ¶ 13, 518 P.2d at 319.










 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 9, 871 P.2d 51, GONSETH v. STATE
Discussed
 1996 OK CR 55, 932 P.2d 22, Benjamin Lozoya v. State
Discussed
 1974 OK CR 82, 521 P.2d 1384, CONCHITO v. CITY OF TULSA
Discussed
 1921 OK CR 202, 201 P. 533, 20 Okl.Cr. 66, Ex parte Johnson
Cited
 2006 OK CR 33, 141 P.3d 564, MAXWELL v. STATE
Discussed
 2007 OK CR 3, 154 P.3d 84, STATE v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 2009 OK CR 28, 221 P.3d 130, HALL v. STATE
Discussed at Length
 2012 OK CR 12, 283 P.3d 311, STATE v. HAWORTH
Discussed
 1961 OK CR 59, 364 P.2d 678, ELIAS v. CITY OF TULSA
Discussed
 1953 OK CR 84, 258 P.2d 695, 97 Okl.Cr. 85, JOHNSON v. CITY OF TULSA
Discussed
 1998 OK CR 42, 965 P.2d 387, 69 OBJ 2520, Allen v. Oklahoma City
Discussed
 1973 OK CR 442, 518 P.2d 316, VANTINE v. CITY OF TULSA
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1946 OK 238, 172 P.2d 795, 197 Okla. 459, In re BLAIN
Discussed at Length
 2007 OK 59, 164 P.3d 146, AMERICAN AIRLINES v. HICKMAN
Discussed at Length
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 1-101, Short Title
Cited
 11 O.S. 14-111, Enforcement and Penalties for Violation of Municipal Ordinances
Discussed at Length
 11 O.S. 22-117, Traffic Regulations - Racing and Driving - Games and Amusements - School Zone Speed Limits and Signs
Discussed
 11 O.S. 27-101, Creation of Municipal Court Not of Record
Cited
 11 O.S. 28-101, Municipal Criminal Courts of Record - Cities Over 200,000
Cited
 11 O.S. 28-102, Jurisdiction of Criminal Court of Record - Jury Trial - Maximum Punishment - Double Jeopardy
Discussed at Length
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-801, Basic Rule - Maximum Limits - Fines and Penalties
Discussed at Length
 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Cited
 47 O.S. 15-101, Provisions Uniform Throughout State
Cited